UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFERY DeSHIELDS,

    Plaintiff,

v.                                  CASE NO. 8:11-cv-598-T-23TBM

DR. R. TIRADO-MONTES,

    Defendant.
_____/

## O R D E R

In his civil rights complaint DeShields alleges that defendant Dr. Tirado-Montes denied him medical care while confined in the Hardee Correctional Institution. Discovery has closed. Pending is the defendant's motion for summary judgment (Doc. 32), DeShields's opposition (Doc. 44), and the defendant's reply. (Doc. 49)

DeShields's *pro se* complaint receives a generous interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), and all material allegations in the complaint are both accepted as true and construed in his favor because he is not the moving party. *Kirby v. Siegleman*, 195 F.3d 1285, 1289 (11th Cir. 1999).

### SUMMARY JUDGMENT

Summary judgment is proper "if pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to

a judgment as a matter of law." Fed. R. Civ. P. 56.  The party moving for summary judgment has the initial burden of showing the absence of a genuine issue of material fact.  *Johns v. Jarrard*, 927 F.2d 551, 555 (11th Cir. 1991).  Once the movant presents evidence that if not controverted would entitle the movant to a directed verdict at trial, the burden shifts to the opposing party to allege specific facts that demonstrate the existence of a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  If the factual context makes one party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show the existence of a genuine issue for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the differing versions of the truth.  Lastly, summary judgment is not a disfavored procedural shortcut, but an integral part of the federal rules as a whole.  *Celotex Corp. v. Catrett, supra.*

## FACTS

DeShields's allegation that he was denied adequate medical care arises from an incident of abnormal facial swelling in November, 2010, following the withdrawal of a combination of two medications.  The medical records establish the following facts.

DeShields entered the custody of the Department of Corrections in 2003, at which time he reported a history of sinus and allergy problems.  In 2005 DeShields developed a problem with his parotid gland, which is part of the salivary system.  Further testing in 2005 suggested the DeShields might have an auto-immune disorder

that causes recurrent swelling of the parotid gland. In 2008 DeShields was prescribed, among other medications, Chlorpheniramine ("CPM") for swelling of his right parotid gland. DeShields was administered CPM for approximately a year and a half. DeShields experienced another episode of swelling in his parotid gland in early 2009 even though he was using CPM. In September, 2009, DeShields was prescribed a six-month treatment of "Flunisolide" nasal spray in conjunction with CPM to treat his allergies. Sometime in late 2009 or early 2010 Dr. Tirado-Montes became the chief medical officer at the Hardee Correctional Institution ("HCI").

Dr. Tirado-Montes renewed DeShields's prescriptions for both CPM and "Flunisolide." DeShields's supply of the medications lasted until October 11, 2010. DeShields alleges that swelling commenced three days later and he submitted a "sick call" form. DeShields received medical attention on October 15, 2010, however the medical records show that the purpose of the medical visit was to review X-rays of his left knee, for which he had been receiving treatment for several months.[1]

On October 29, 2010, DeShields used an "Inmate Request" to inquire about renewing his medications. DeShields was advised that he must follow proper procedure, specifically he must submit a "sick call" form to seek a renewal of a medication. DeShields submitted the required form on November 8th and two days later he was evaluated by a nurse for facial swelling. Dr. Tirado-Montes prescribed

---

[1] The medical records attached to the defendant's motion for summary judgment (Exhibit 5, Doc. 33) show that, as recent as November 8, 2010, the medical personnel were arranging for an "MRI" and "CT scan" for DeShields's knee.

CPM in combination with an expectorant instead of "Flunisolide." The following day the swelling was much worse and, as a consequence, DeShields was transported to the hospital because Dr. Tirado-Montes was unavailable. At the hospital DeShields was prescribed an antibiotic and he returned to HCI a few hours later. Dr. Tirado-Montes reissued DeShields's prescription for both CPM and "Flunisolide" after DeShields completed the antibiotic prescription.

## DENIAL OF MEDICAL CARE

DeShields contends that Dr. Tirade-Montes was deliberately indifferent to his serious medical needs by not continuing the two-drug combination of both CPM and "Flunisolide" in October and by not prescribing the same two-drug combination in November when swelling commenced.

A state has the constitutional obligation to provide an inmate adequate medical care – not mistake-free medical care. *Adams v. Poag*, 61 F.3d 1537 (11th Cir. 1995), *Mandel v. Doe*, 888 F.2d 783 (11th Cir. 1989). "Accidents, mistakes, negligence, and medical malpractice are not 'constitutional violations merely because the victim is a prisoner.'" *Harris v. Coweta County*, 21 F.3d 388, 393 (11th Cir. 1994), *citing Estelle v. Gamble*, 429 U.S. 97, 106 (1976). *See also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.").

Instead, an inmate is protected from deliberate indifference to a serious medical need.  "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." *McElligott v. Foley*, 182 F.3d 1248, 1254 (11th Cir. 1999) (*quoting Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  In analyzing a claim of deliberate indifference to a serious medical need, a court must focus on two components:  "whether evidence of a serious medical need exists [and] if so, whether the defendants' response to that need amounted to deliberate indifference."  *Adams v. Poag*, 61 F.3d 1537, 1543 (11th Cir. 1995).  These two components are explained further by *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000) (footnotes omitted), *cert. denied*, 531 U.S. 1077 (2001).

> To show an objectively serious deprivation, it is necessary to demonstrate, first, an objectively "serious medical need [ ]," *Estelle*, 429 U.S. at 104, 97 S. Ct. at 291, one that, if left unattended, "pos[es] a substantial risk of serious harm," *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994), and second, that the response made by public officials to that need was poor enough to constitute "an unnecessary and wanton infliction of pain," and not merely accidental inadequacy, "negligen[ce] in diagnosi[s] or treat[ment]," or even "[m]edical malpractice" actionable under state law, *Estelle*, 429 U.S. at 105-06, 97 S. Ct. at 290-92 (internal quotation marks omitted). Similarly, to show the required subjective intent to punish, a plaintiff must demonstrate that the public official acted with an attitude of "deliberate indifference," *Estelle*, 429 U.S. at 105, 97 S. Ct. at 291, which is in turn defined as requiring two separate things: "aware[ness] of facts from which the inference could be drawn that a substantial risk of serious harm exists [ ] and . . . draw[ing of] the inference," *Farmer*, 511 U.S. at 837, 114 S. Ct. at 1979. Ultimately, there are thus four requirements:  an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts.

The Eleventh Circuit describes a serious medical need as "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (*quoting Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994) (internal quotation marks and citation omitted). In either instance, the medical need must be "one that, if left unattended, poses a substantial risk of serious harm." *Farrow v. West*, 320 F.3d at 1243. *See Farmer v. Brennan*, 511 U.S. 825, 834, (1994).

*Farrow* lists examples of both "serious" and "non-serious" medical needs. *Compare Adams v. Poag,* 61 F.3d 1537, 1539-41, 1543 (11th Cir. 1995) (finding that asthma, with continual breathing problems and with intermittent wheezing, coughing, and hyperventilating, can constitute a serious medical need), *Brown v. Hughes*, 894 F.2d 1533, 1538 (11th Cir. 1990) (holding that "a deliberate delay on the order of hours in providing care for a serious and painful broken foot is sufficient to state a constitutional claim."), *Mandel v. Doe*, 888 F.2d 783, 788 (11th Cir. 1989) (holding that evidence showing that the plaintiff's leg collapsed under him, was deteriorating and painful, and precluded him from walking, supported jury's conclusion that plaintiff had serious medical need), and *Aldridge v. Montgomery*, 753 F.2d 970, 972-73 (11th Cir. 1985) (finding that a long cut over the detainee's eye, which both required six stitches and had bled for two and a half hours while in detention, was a serious medical need), *with Shabazz v. Barnauskas*, 790 F.2d 1536, 1538 (11th Cir. 1986) (holding that requiring an

inmate – who has "pseudofolliculitis barbae" or "shaving bumps" – to shave, in contravention of a physician's order, "does not rise to the level of the cruel and unusual punishment forbidden by the Eighth Amendment") and *Dickson v. Colman*, 569 F.2d 1310, 1311 (5th Cir. 1978) (rejecting an inmate's claim of a serious medical need based on his high blood pressure and pain from an old shoulder injury, which a doctor determined the inmate had a full range of motion).

Although his facial swelling in November was likely a serious medical need, DeShields cannot show that Dr. Tirado-Montes was deliberately indifferent to his condition. DeShields was timely transported to the hospital because Dr. Tirado-Montes was unavailable. DeShields presents no evidence that Dr. Tirado-Montes either was aware of the situation or hindered his receiving timely treatment. As a consequence, DeShields cannot show that Dr. Tirade-Montes's response to the serious medical need was deliberately indifferent. After DeShields completed the course of antibiotics that were prescribed at the hospital, Dr. Tirado-Montes re-instituted the two-drug combination.

DeShields's primary complaint is with Dr. Tirado-Montes's decision in October to prescribe a different combination of drugs, a medical decision which cannot form the basis for a claim of deliberate indifference to a serious medical need. A difference of opinion over matters of medical judgment, both diagnosis and treatment, supports no constitutional claim. *Fischer v. Federal Bureau of Prisons*, 349 Fed. App'x 372, 375 (11th

Cir. 2009);[2] *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980), *cert. denied*, 450 U.S. 1041 (1981). Likewise, "where an inmate's health complaints received significant medical attention, we are reluctant to second guess the medical judgments of those who provided the care." *Wallace v. Sheriff*, 518 Fed. App'x 621, 622 (11th Cir.), *cert. denied*, ___ U.S. ___, 134 S. Ct. 127 (2013). *See also Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989) ("It is also true that when a prison inmate has received medical care, courts hesitate to find an Eighth Amendment violation.").

Accordingly, the motion for summary judgment (Doc. 32) is **GRANTED**. The clerk must enter a judgment against DeShields and close this case.

ORDERED in Tampa, Florida, on March 6, 2014.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.